UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**TERRY W. COOK, JR.**                                                            **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 4:22-CV-P138-JHM**

**DAVIESS COUNTY, KENTUCKY**                               **DEFENDANT**

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the following reasons, the Court will dismiss this action.

**I.**

Plaintiff Terry W. Cook is incarcerated at the Daviess County Detention Center. He brings this action against Daviess County, Kentucky.

Plaintiff makes the following allegations in the complaint:

Daviess County, Kentucky, has violated my 4th Amendment right and my 14th Amendment right in the following ways . . .

1) The Daviess County Detention Center has been illegally seizing half of the funds on my inmate account without a sentencing judge even ordering me to pay debt allegedly owed to the jail . . . .
2) The "adjudged" portion of all my past plea agreements does not state all restitution, and the restitution amounts, court costs, fines and fees to be paid to satisfy the terms and conditions of the plea agreement. No where, in any plea, is the alleged jail debt listed. In 2016 I was nominated for early termination of my parole and probation. All judges, both District and Circuit, along with their clerks determined that <u>all</u> debts associated with <u>all</u> cases were paid in full. All cases were closed and all supervision was ended, and my constitutional rights were reinstated. This being done means the sentencing judge never acknowledged the debt or ordered it to be paid. And never will. If the debt had been ordered paid the motion for early termination would have denied until it was paid in full. That was not the case. So, the jail has been seizing my money without a court order allowing them to do so. And since the cases are permanently closed, a sentencing judge is not likely to order it paid now. This collection began around 2001 and continued until Nov. 2021. I

asked for dates of collection and the jail was unable to provide anything under than a negative balance $17,580.62.

As relief, Plaintiff seeks damages and injunctive relief in the form of "stop seizing half of money and erase negative balance of $17,580.62."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Based upon Plaintiff's allegations, the Court can discern no violation of Plaintiff's rights under the Fourth Amendment. Thus, this claim will be dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Drew v. City of New York*, No. 18-cv-011709 (ALC), 2021 U.S. Dist. LEXIS 62696, at *16 (S.D.N.Y. Mar. 31, 2021) ("Courts have routinely held that the seizure of funds from an inmate account does not state a valid Fourth Amendment claim.")(citing *Hamilton v. New York State Dep't of Corr. & Cmty. Supervision*, No. 18-cv-1312, 2019 U.S. Dist. LEXIS 92793, at *14 (N.D.N.Y. June 4, 2019)); *Jackson v. SCI-Camp Hill*, No. 1:11-CV-1135, 2012 U.S. Dist. LEXIS 128769, at *15 (M.D. Pa. Sept. 11, 2012) ("[C]ourts have [] refused to recognize an inmate's claim that the seizure of money from his inmate account violated the Fourth Amendment[.]") (collecting cases)).

As to Plaintiff's Fourteenth Amendment claim, the Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527

3

(1981), *rev'd on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim for the deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44. The law of this circuit is in accord. The Sixth Circuit has held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Thus, Plaintiff's Fourteenth Amendment claim must also be dismissed for failure to state a claim upon which relief may be granted.

### IV.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: March 6, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Daviess County Attorney
4414.011